VAN BRUNT, P. J. In view of the disposition which has been made of the appeal from the judgment, it does not seem necessary to consider the appeal from the order above mentioned; and such appeal will therefore be dismissed, without costs. All concur.

---

### *In re* GILLINGHAM'S ESTATE.

### *In re* WHEELER.

(*Supreme Court, General Term, Fifth Department.* December 30, 1889.)

1. HUSBAND AND WIFE—SEPARATE ESTATE—PRESUMPTION.
    Laws N. Y. 1848, c. 200, § 1, provides that the property of a female, at time of marriage, and the rents and profits shall continue her sole and separate property, and not be subject to her husband's disposal, nor liable for his debts. *Held*, that a woman who never released to her husband any right in her property, owned at time of marriage, is presumed to have continued absolute owner, and at her death her real estate passes to her heirs, and her personalty to her personal representatives.

**2. APPEAL—REVIEWABLE ORDERS.**
    A petitioner applied to the surrogate's court to have an administrator removed. She also brought an action in the supreme court in aid of such proceeding. The surrogate dismissed her petition on the merits. The supreme court ordered her ac-· tion there to be sent to the surrogate to hear and determine all questions therein, including costs, etc. No exception was taken to the order. *Held*, that an order of the surrogate, opening the first decree, and allowing costs to the administrator, who was defendant in the supreme court, cannot be reviewed on appeal.

**3. WITNESS—EXAMINATION.**
    It is error to permit a witness to testify, under objection, to conversation had with other witnesses on matters in regard to which they had not testified.

Appeal from surrogate's court, Niagara county.

Malinda Wheeler applied to the surrogate's court of Niagara county to have John Gillingham removed from the office of administrator of the estate of Sarah Ann Gillingham. She afterwards began an action in the supreme court, in aid of this proceeding, which was finally sent by that court to the surrogate with an order to hear and determine all questions therein, including costs, etc. The petition filed in the surrogate court was dismissed on the merits. Afterwards, by order of said court, this decree was opened, allowing costs to the administrator, defendant, in the action from the supreme court. Laws N. Y. 1848, c. 200, § 1, provides that the property owned by a female at time of marriage, and rents, issues, and profits thereof, shall not be liable for her husband's debts, but shall continue to be her sole and separate property. Appeal was taken from the first decree, and also from the order opening such decree and allowing costs to the administrator.

Argued before BARKER, P. J., and DWIGHT and MACOMBER, JJ.

*Henry M. Davis,* for appellant. *David Miller,* for respondent.

MACOMBER, J. The petition in this proceeding was filed on the 28th day of February, 1887. On the 18th day of March of that year an action was brought in the supreme court, having in view the same general relief that is sought by this petition, namely, the removal of the administrator of the estate of Sarah Ann Gillingham, for the reason that he had not included certain personal property in his inventory belonging to the deceased, and because his bond was insufficient and himself irresponsible. The petitioner is a creditor of Sarah Ann Gillingham, deceased. This fact is found by the surrogate, although he seems to have refused or failed to find the amount of the indebtedness of the estate to her. For the purposes of this appeal, however, such omission is unimportant. The decedent, Sarah Ann Gillingham, was married to John Gillingham, the respondent, in the month of March, 1883. The wife died on the 26th day of September, 1886. Prior to her marriage she was the owner in fee and in possession of a farm in the town of Wilson, in Niagara county, consisting of 51 acres of land, together with certain personal property necessary for conducting the farm, besides four cows. She was also possessed, before marriage, of certain swarms of bees. The increase of this stock, and the increase of the bees, a certain quantity of wheat and oats, claimed·on one side to be a much larger amount than on the other, with certain growing wheat, remained upon the farm of the deceased at the time of her death, and the respondent, who was appointed administrator of her estate, refused to include the same in the inventory, or to become chargeable therefor, in which position he has been sustained by the decree of the surrogate. Many written requests to find facts and conclusions of law were submitted by the petitioner's counsel to the surrogate, which, the record shows, he has not passed upon either by finding, or refusing to find, the same. It was the duty of the surrogate, under sections 1022 and 2545 of the Code of Civil Procedure, to note upon the margin of each of such requests his assent or refusal to find the same. The appellate court should not be put to the necessity of a careful comparison of the proposed findings, and the actual findings made by the surrogate, in order to see whether the failure to find has wrought injustice to

the appellant. This omission in the record would justify us in sending the case back to the surrogate with instructions to note upon the request his determination of each proposed finding; but, as we have come to the conclusion that the decree upon the merits cannot stand, we waive this omission in practice in this instance.

Before proceeding to the merits it is perhaps proper to say that the order of the surrogate, above mentioned, opening his first decree, and by an amendment thereof, granting costs to the respondent, who was a defendant in an action in the supreme court, cannot be reviewed upon this appeal. That case was sent to the surrogate by an order of a special term sitting in Niagara county; whether by consent, however, or not does not clearly appear. If it was not so turned over to the surrogate by the consent of both sides, an appeal from such order clearly would have been maintainable. The amendment, therefore, of the decree of the surrogate by which he obeyed the order of the special term, and decided not only the case in his own court, but that in the supreme court, was correctly made, provided his decision upon the principal question can be maintained. This brings us to the merits of this appeal.

Sarah Ann Gillingham, at the time of her marriage with the respondent, was the absolute owner of the farm and the personal property then upon the same. There is no evidence that at the time of her marriage, or afterwards, she relinquished any portion of her farm to her husband for cultivation. There is no written agreement or evidence showing that she ever recognized her husband's ownership of any part of the personal property or of its increase. A presumption, therefore, arises that notwithstanding her marriage she continued the absolute owner of all of this property, and was entitled to its full and complete enjoyment while she lived, and that at her death the real estate passed to her heirs at law and the personal property to her personal representatives. The testimony which has been adduced from several witnesses to fortify the claim now made by the husband that the crops and the increase of the animals all belonged to him consists solely of loose, unsatisfactory, and inconclusive declarations said to have been made by the deceased at times when the question could not have been uppermost in her mind as to whether she or her husband actually had the title to the property. This evidence is insufficient to overcome the strong presumption made by law that the property, notwithstanding her marriage, continued to be her own under the acts of 1848, 1849, 1860, and 1862.[1]  *Stanley* v. *Bank*, 115 N. Y. 136, 22 N. E. Rep. 29. This evidence, however, is completely met, and in our judgment overcome, by the more direct admissions, sworn to by several persons, made by the respondent at different times to the effect that he did not own the property. As a question of fact, therefore, we are of the opinion that the claim made by the petitioner, that most of the personal property belonging to the deceased had been omitted from the inventory, was substantiated by a preponderance of the evidence.

There are certain exceptions to the admission and rejection of evidence which must also be upheld, although the same may be deemed to be unnecessary, inasmuch as we have come to the above conclusion upon the evidence as it stands. The respondent was permitted to testify, under objection and exception, to a conversation which he had with the witnesses Willard Brown and Harriet Brown upon matters in regard to which they had not testified, under cover of which he gave wholly incompetent evidence of his ownership and right to the possession of this personal property. This testimony consisted of mere declarations which the witness swore he had made to persons other than the parties to this proceeding. This error in the rulings of the learned surrogate would necessarily lead to a reversal of the judgment, and a further hearing thereon, except for the conclusion, as above stated, that upon

---

[1] 3 Rev. St. N. Y. (7th Ed.) pp. 2336–2339.

the merits of the case as disclosed, even by this record, the substance of the prayer of the petition ought to have been granted. We believe that we have the power to do complete justice on the appeal without sending the case back for a rehearing. Under section 2586 of the Code of Civil Procedure this appellate court has the same power to decide questions of fact which the surrogate possessed. By the same section we may, if we see fit, receive further testimony or documentary evidence, and may appoint a referee. There is no provision of the Code of which we are aware which would enable us to send the case to the circuit or to the county court for a trial by jury. The decree of the surrogate should be reversed, and the prayer of the petitioner granted to the extent of requiring the administrator to file an amended inventory, including the property set forth in the petition, or so much thereof as actually remained on the farm at the time of the death of the intestate, together with the value thereof, and that his bond be increased from the sum of $200 to the sum of $2,000, to be filed within 20 days after the entry of an order on this decision, and in default thereof the respondent be removed, and that the surrogate appoint another administrator in his place, with a suitable bond, with costs of this appeal and of the surrogate's court to be paid by the respondent personally. All concur.